UNITED STATES, Appellant

v

ROBERT E. PAPCIAK, Private E–1, U. S. Army, Appellee

7 USCMA 412, 22 CMR 202

413

*Major Robert M. Mummey* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Edward S. Nelson.*

*Captain John F. Christensen* argued the cause for Appellee, Accused. With him on the brief were *Colonel John M. Pitzer, Lieutenant Colonel Stanley F. Flynn* and *Captain Albert C. Malone, Jr.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused, Private Robert E. Papciak, was convicted by a general court-martial of Charge I, an unauthorized absence of about eleven days, and of Charge II, a desertion arising out of an absence of about 27 days. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three and one-half years. The sentence was approved by the convening authority. An Army board of review, by an opinion designated as "preliminary," held that the staff judge advocate's review was deficient and directed that the "General Court-Martial Order . . . promulgating the results of trial in the case of Private Robert E. Papciak . . . be rescinded and that the action of the same date taken by the convening authority be withdrawn. The record of trial is returned to The Judge Advocate General for reference to another convening authority for further review and action pursuant to Articles 60 and 61 of the Code." Thereafter, the Army Judge Advocate General certified the following questions to this Court:

"1. Was the board of review correct in holding that the review of the staff judge advocate materially prejudiced the accused?

"2. If (1) above is answered in the affirmative, was the board of review required to return the case to a different jurisdiction for further review or should it have (A) proceeded to a final decision on the legal sufficiency of the record to sustain the findings and sentence or (B) returned the case to the original jurisdiction for further review?"

The accused moved to dismiss the certificate on the ground that this Court lacked jurisdiction to consider the case until after the board of review had taken final action on the findings and sentence. By decision, United States v Papciak, 7 USCMA 224, 22 CMR 14, a majority of the Court held that "Here the board of review, despite phraseology to the contrary, acted with finality on the matter before it" and since the board's action was not "preliminary, interlocutory, or incomplete" its action was appealable. Accordingly the motion to dismiss was denied.

We will recite only those facts which have a direct bearing on the issues before us. Since those issues are pervasively bound up in the board of review's action, a substantial portion of that action will be set forth:

"The evidence established with respect to this charge that the accused absented himself without leave from Fort Knox, Kentucky, on 2 June 1955 until his apprehension at his home in Michigan 29 June 1955. A few days prior to this absence, the accused had been advised that charges of absence without leave for the period 6 May to 17 May 1955 would be preferred against him. There was also evidence of a prior conviction of desertion. The accused's testimony on the merits was not improbable or unworthy of belief. He asserted that he intended to return to his unit following the alleviation of his domestic

problems. The fact that while absent he did not conceal his absence without leave status is corroborated in the record. He stated that he had 'priced' a bus ticket and had made preparations for his return.

"Following a summary of the evidence which contains a number of errors or misstatements as well as a statement that the findings are correct in law and fact, the clemency section of the Staff Judge Advocate's review contained the following remarks:

'In his favor it should be said that both absences were relatively short, the absence being adjudged as desertion lasting only twenty-seven days. *Also, the reviewer feels that in all probability the accused would have returned shortly had he not been apprehended. While this does not affect his guilt of the desertion offense, it might be given consideration in the sentence.*' (Italics supplied.)

"Although as stated in *United States* v *McCrary* (No. 4), 1 USCMA 1, 1 CMR 1 '[an accused's] return is a matter which weighs in favor of the accused but does not compel a finding that he did not intend to desert,' it cannot be said in the case of a 27 day absence that the fact that accused returned or *would have returned shortly* is not a material factor to be considered in determining the guilt of the accused. Thus, advice to the convening authority to the effect that, in his review of the findings, he may not consider whether the accused probably would have returned had he not been apprehended, is patent error, especially, in view of the short duration of the absence here involved.

"The convening authority may consider matters outside of the record to disapprove a finding. But here he was advised, in effect, that he may not do so (See United States v. Massey (No. 5581), 5 USCMA 514, 18 CMR 138). Accordingly, it is concluded that the accused in this case has been materially prejudiced. The error may be cured by the return of the record of trial to a jurisdiction other than that which tried the case

for further review (United States v. Wise (No. 6937), 6 USCMA 472, 20 CMR 188, decided 4 November 1955; CM 373477 Leo, 17 CMR 387).

"Although, our holding with respect to the aforementioned error is dispositive of this case on preliminary review, another assigned error merits some discussion. This concerns the adequacy of the Staff Judge Advocate's review with respect to the sentence. After listing in his review a number of mitigating 'factors which the reviewer feels might warrant a reduction of the sentence', he went on to say, 'But taking everything into consideration, the flagrancy of the offense, less than two months after returning to duty, outweighs whatever mitigating or extenuating factors might justify reduction of the sentence *on this* level.' (Italics supplied.)

"Whatever the Staff Judge Advocate may have meant by this advice it is, at best, ambiguous. He appears to recommend that because there is a serious offense involved, no consideration need be given to the mitigating and extenuating factors which suggest a reduction of the sentence as a matter of clemency or as a matter of appropriateness at the convening authority level. He seems to suggest that a reduction should be effected at some level of appellate review. Stated concisely, he appears to recommend abandonment of any clemency action at the convening authority level. If that is what was meant by the reviewer the review would be clearly legally deficient. The possible impact of such advice on the convening authority must also be considered, and on that basis it must be concluded that there is a fair chance that the convening authority may have been mislead, [sic.] waived his clemency power and, therefore, deprived the accused of a review with clemency as a consideration."

We agree with the board of review that an intention to return is most assuredly a factor which weighs in favor of the accused with respect to a determination as to whether

or not he has ever formed the intention to permanently abandon his duty station. When the staff judge advocate advised the convening authority that this "does not affect his guilt of the desertion offense" he erred to the prejudice of the accused. United States v Massey, 5 USCMA 514, 18 CMR 138. In regard to the board of review comments on the staff judge advocate's clemency advice, we cannot hold that a reasonable person could not have reached the same conclusion as did the board of review.

The Judge Advocate General also certified the question as to whether the board should have returned the case to the original, rather than to another, convening authority for further review. Whether or not a case will ▌ be returned to the same or a different convening authority will be dependent upon the circumstances of each particular case. This is a matter which lies within the reasonable discretion of the board of review. As we stated in United States v Massey, supra:

". . . [T]he accused may well have failed to received the benefit of a conscious exercise of discretion by the convening authority on the effect, if any, the latter desired to grant to available . . . evidence of which was inadmissible at the trial. Under such circumstances we are required to remand the case for further consideration by the convening authority, in the light of the principles provided by this opinion. Cf. United States v Moreno, 5 USCMA 500, 18 CMR 124; United States v. Doherty, 5 USCMA 287, 17 CMR 287. *In the interest of fairness, the case should be remanded to an officer other than him who convened the present court-martial."* (Italics supplied.)

In United States v Wise, 6 USCMA 472, 20 CMR 188, the convening authority announced a policy that during the then existing circumstances he would not consider the retention in the Army of individuals who had been sentenced to a punitive discharge. A unanimous Court referred the record "to The Judge Advocate General of the Army

for reference to any convening authority, other than the officer whose policy we condemn, for proper action."

Likewise, in United States v Turner, 7 USCMA 38, 21 CMR 164, we expressed our opinion that the error could be rectified by returning the record "to The Judge Advocate General for reference to a general court-martial authority other than that which acted upon the initial review."

We are not unmindful of the fact that in some instances in the ordinary affairs of human experience, it might be difficult for an accused to receive an objective and unbiased review if his case were returned to the same convening authority and legal staff. An objective approach—a new start as it were—is important to an equitable and fair administration of justice. In Offutt v United States, 348 US 11, 99 L ed 11, 75 S Ct 11, the accused's lawyer was cited for contempt by the presiding judge of a Federal District Court. The Supreme Court held the case should be heard by another judge, stating,

"In the language of the Cooke case [Cooke v United States, 267 US 517, 69 L ed 767, 45 S Ct 390], with one appropriate change 'We think, therefore, that when this case again reaches the District Court to which it must be remanded, the judge who imposed the sentence herein should invite the Chief Judge of the District Court to assign another judge to sit in the second hearing of the charge against the petitioner.' "

Although there is no specific legislation on the subject, Congress did expressly provide that, "Every rehearing shall take place before a court-martial composed of members who are not members of the court-martial which heard the case." Paragraph 92, Manual for Courts-Martial, United States, 1951. Under appropriate circumstances that same reasoning would appear applicable to review by another convening authority.

We do not hold that a case should never be returned to the same convening authority to either correct his action or for additional review. United States v Doherty, supra. What we do hold is

416

that the officer to whom the record is to be returned should necessarily be determined by the particular facts of the case. We find no abuse of discretion here by the board of review in returning the record to another convening authority.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring):

I concur.

I concur in the opinion and in the result, but I prefer to make a few brief comments on the second certified question.

There appears to be some uncertainty in the Services concerning the power of a board of review to disqualify a convening authority and direct that the record be submitted to a reviewing officer who has not previously participated in the case. The confusion, if any, finds its source in the principle ▮▮▮▮▮▮ that a board of review is a creature of statute, and therefore has only the authority specifically granted to it by Congress. No doubt that is a general statement of the law, but the principle is modified to the extent that a statutory body may exercise those powers reasonably implied within the grant. United States v Lanford, 6 USCMA 371, 20 CMR 87. Here, as I will later point out, unless Congress intended to saddle the Services with an almost unworkable legal system, it must have intended to permit boards of review to carry out their functions by sound legal methods even though these methods were not specifically enumerated.

As the author Judge states, reasonable men could conclude that the review of the Staff Judge Advocate ▮▮▮▮▮▮ was so ambiguous as to mislead the convening authority. The board of review so concluded and that determination was supported by documents which it was entitled to consider. Article 66 of the Uniform Code of Military Justice, 50 USC § 653, provides that a board of review may reverse a finding and sentence and grant a rehearing or dismiss, or it may affirm the findings or sentence, or such parts thereof, as it deems just

and appropriate in light of the entire record. Certainly the review by the Staff Judge Advocate and the action of the convening authority are parts of that entire record and any error shown therein may be dealt with by the board.

Having found an error which it believed prejudiced the substantial rights of the accused, the board of ▮▮▮▮▮▮ review was faced with four possible avenues of correction, and I am of the opinion all would be within the powers which are necessarily expressed in or implied from Article 66 of the Code, supra. First, it could grant a rehearing and permit a retrial on the merits. In view of the fact that the error was post-trial, this procedure would be costly and time-consuming, and it should be adopted only in the event the effect of the error could not be cured by some action less favorable to one justly and legally found guilty of an offense. Certainly, if the board had the power to set aside the whole proceedings to reach a post-trial infirmity infesting the findings or sentence or both, and it did, it also had the authority to do something less prejudicial to the rights of the Government and less damaging to the orderly administration of justice. However, this possibility was available to it. Second, because it could do less, it could return the record to the convening authority who originally acted and direct that the record be reconsidered after a proper and unambiguous staff judge advocate report had been received. Third, if the board had good reason to believe that the original convening authority could not impartially and without bias review the record, it could direct that some other convening authority make the determination. Fourth, if the error was such that an approval of part of the findings or a portion of the sentence would purge the prejudice, it could proceed on that theory.

In this instance, the board of review chose the third method set out above, and I cannot say as a matter of law that it abused its discretion in so doing. I do, however, believe that when a convening authority acts on misinformation or on an ambiguous and uncertain staff

**417**

judge advocate recommendation, it would be better practice not to disqualify him from again reviewing the record. We have in isolated instances directed the return of a record to a convening authority not previously connected with the case, but that was because the record indicated that the original reviewers had fixed views which were detrimental to an accused. In those instances, there was some indication of bias against a particular individual or against a class to which the accused belonged, and obviously it would be folly to permit a reviewing authority with a preconceived opinion as to the course he would pursue against an accused to again consider the record. Such a course would be certain to deny a fair and adequate review to the accused. In this instance, however, the sole ground for attack upon the action of the convening authority is that he was improperly advised by his own staff judge advocate. There is nothing in the record which would indicate that this convening authority would not act legally and properly if he was furnished with a report which fully and fairly advised him, unless it be found in a belief that having once affirmed the findings and sentence, the convening authority would be less likely properly to evaluate the record than would one who had no previous contact with the case. I do not regard this possibility as too weighty, and, in my opinion, it was not necessary for the board of review to oust this reviewing officer. However, as previously indicated, I cannot say that it abused its discretion by so doing.

One other matter bears mentioning.

While this case does not go as far as some others I have seen, ▮ there has been a tendency on the part of boards of review to order staff judge advocate reports and actions of convening authorities to be withdrawn to prevent other authorities from noticing their contents. I doubt the power and authority of a board of review to order expunged from the record those entries which by statute are necessarily required to complete the proceedings. There may be occasions when matters may be ordered deleted if they are inflammatory, obscene, scandalous, in contempt of judicial forums, or fall in similar categories, but the mere commission of an error by one required to act does not justify stripping the record of evidence of the event. All appellate agencies are entitled to have all matters of record remain part of the transcript on appeal, and the fact that a second convening authority may learn of the action of a previous reviewer does not authorize deletion of documents, orders, or other action sheets. It is presumed that subsequent reviewers will perform their duties properly and not be consciously influenced by prior errors. If the law were otherwise, then many judicial or quasi-judicial bodies would always be precluded from reconsidering their action merely because an error had been committed by them. While I personally do not believe the record in this instance required the full extent of the order issued by the board of review, I am certain that the action taken by it falls safely within the limits of its discretion. I, therefore, join in the majority opinion.