UNITED STATES, Appellee

v

ALAN REINER, Specialist Third Class, U. S. Army, Appellant

8 USCMA 101, 23 CMR 325

No. 9451

Decided June 28, 1957

*Major Edward Fenig* and *First Lieutenant William H. Carpenter* were on the brief for Appellant, Accused.

*Lieutenant Colonel Thomas J. Newton* and *First Lieutenant James G. Duffy* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was convicted of seven offenses, five of which were charged as violations of a lawful general regulation and two of which were alleged under a charge of conspiring to commit the substantive offenses, in violation of Articles 92 and 81, Uniform Code of Military Justice, 10 USC §§ 892, 881, respectively. On these findings, he was subject to a maximum punishment of dishonorable discharge, total forfeitures, and confinement at hard labor for twelve years, but due to a failure to appreciate a duplication of punishment on two aspects of one transaction, the law officer announced the maximum confinement as fourteen years. We granted review to consider the effect of the error.

The Government comes forward and concedes arguendo that the law officer's instructions to the members of the court-martial on the maximum imposable sentence were incorrect. For the purpose of this case, we accept the concession of the Government but call attention to the fact that the sentence actually assessed by the court was dishonorable discharge, total forfeitures, and confinement at hard labor for only one year. Since error is conceded, we will go one step further and assume it had some measurable impact on the sentence. We make that assumption although a two-year error on a twelve-year maximum sentence makes it extremely doubtful that the one-year sentence imposed would have been decreased had the correct figure been given to the court. Be that as it may, it is our duty now to determine whether the board of review purged the error by reassessing the appropriateness of sentence. We conclude it did for reasons which we hereinafter set out.

In his assignments of error before that appellate tribunal, the accused raised the specific issue which now confronts us, for he there argued that two specifications were multiplicious and each could not be considered separately for sentence purposes. He requested that the board reassess the sentence in light of the error and the Government in effect argued that the error could be cured in that manner. In addition, the accused contended that the evidence was insufficient to sustain the findings of guilty on two other specifications. The board of review decided the latter assignment in his favor and set aside those findings and dismissed those specifications. The board then went on to find the remaining findings of guilty correct in law and fact. With only the findings it approved to be considered, the board determined on the basis of the entire record that only so much of the sentence as provided for a bad-conduct discharge, partial forefeitures, and confinement at hrd labor for eight months should be affirmed.

In United States v Keith, 1 USCMA 442, 4 CMR 34, we made the following observation which is pertinent to our present inquiry:

". . . if an accused is convicted under an indictment containing several counts—regardless of the character of the verdict—and a general sentence is imposed, which is either mandatory or appropriate in fact and law for a valid conviction under a single count, neither the verdict nor the sentence will be reversed for error in other counts. Although some doubt is entertained as to the military utility of this principle, it is conceivable that occasional use may be made of it in so far as it is based upon a concept of 'harmless error' appropriate in the field of military justice. If the sentence in question is mandatory for a valid conviction under one specification, or if it has been deemed appropriate for a similar finding of guilty by a judicial agency empowered to make such a determination of adequacy, there is indeed no reason for reversal as to sentence in the absence of special factors materially prejudicing the substantial rights of the accused."

We believe the previous quotation states our position clearly that when a board of review which is empowered to assess the appropriateness of a sentence has made a determination of its adequacy, there is no reason for us to reverse for a prior error known to the board, absent some special factor materially prejudicing an accused. In this instance, we believe the board of review made that determination, that there are no special circumstances of a prejudicial nature, and that the resubmission of the sentence to another board of review to purge an error known to the first board would be an empty gesture.

A case somewhat in point is United States v Crusoe, 3 USCMA 793, 14 CMR 211. In that instance, the law officer misinformed the court-martial on the maximum sentence imposable. The error was noticed by the staff judge advocate and was mentioned in his review to the convening authority. Although that legal functionary apparently misunderstood the principles governing the appropriateness of sentence, he stated in one of the subparagraphs that the sentence as imposed by the court-martial was correct in law and fact and was appropriate for the offense of which the accused was found guilty. The record was automatically forwarded to a board of review and, despite the board's failure to mention the error, we concluded its members were cognizant of the contents of the field review in which it was set forth and that when the board found the sentence appropriate on the basis of the entire record, it corrected any error committed by the law officer.

In the case at bar, we are certain that the members of the board of review were cognizant of the error made by the law officer. The matter was specifically called to its attention by the brief of appellate defense counsel and the Government, in answer to the assignment of error, conceded arguendo that accused's position was well taken. Certainly, we must assume that a board of review is advised of the errors raised in the briefs and argued by counsel. Furthermore, when the board of review reversed the findings on two specifications, neither the twelve-year nor four-teen-year maximum was applicable, as their disapproval necessarily reduced the maximum period of confinement. Under the corrected findings as approved by the board, of necessity the members took a new limitation into account when considering the punishment which would be adequate and appropriate. The board in its opinion stated that the sentence was being considered on the basis of the entire record and at that time the maximum punishment which could be imposed was confinement for eight years, dishonorable discharge, and total forfeitures. The transcript of testimony shows offenses which disclose rather extensive black-market operations with profit to accused of nearly $1,000 in a short period of time. The original sentence included a year in confinement, a dishonorable discharge and total forfeitures, and we are convinced that when the board diminished the punishment by affirming a sentence of only eight months confinement, forfeiture of $44 per month for the same period and a bad-conduct discharge, it gave due consideration to any error committed by the law officer and any prejudice flowing therefrom. We therefore affirm the decision of the board of review.

Chief Judge QUINN concurs in the result.

FERGUSON, Judge (dissenting):

I dissent.

Unlike by brothers, I cannot determine whether the board of review purged the error by reassessing the sentence because I have been unable to first satisfy myself that the board of review even appreciated the error. Four errors were originally assigned on behalf of the accused before the board of review. The first three assigned errors attacked the accused's conviction on specifications 3 and 4 of Charge I on cumulative grounds, and the remaining claim of error challenged the correctness of the law officer's instruction on the maximum imposable sentence. In its written opinion, the board only discussed the errors relating to specifications 3 and 4 of Charge I. After setting aside the findings of guilt of these two specifica-

tions for insufficiency, the board found "the remaining approved findings of guilty and the sentence correct in law and fact" and reassessed the sentence on the basis of the entire record.

The majority of this Court reason that:

"In the case at bar, we are certain that the members of the board of review were cognizant of the error made by the law officer. The matter was specifically called to its attention by the brief of appellate defense counsel and the Government, in answer to the assignment of error, conceded arguendo that accused's position was well taken. Certainly, we must assume that a board of review is advised of the errors raised in the briefs and argued by counsel."

In my view the mere fact that a board has been "advised of the errors raised in the briefs" is not the same as saying that a board has appreciated the validity of an assigned error and has acted to cure its prejudicial effects. I recognize that a board of review can purge the type of error here involved by reassessment of the sentence; however, I cannot assume that they have done their duty when their own opinion is silent on the matter. Furthermore, the fact that the board of review's opinion—dismissing specifications 3 and 4 of Charge I—disposed of three of the four errors assigned by counsel leads me to believe that the board was unimpressed by the remaining error concerning the law officer's erroneous instruction on the maximum sentence.

The Court's reliance on United States v Crusoe, 3 USCMA 793, 14 CMR 211, is misplaced because in that case the staff judge advocate, in the portion of his review dealing with the sentence, correctly indicated the authorized maximum. Furthermore, in the later part of his review, the staff judge advocate independently assessed the appropriateness of the sentence. Under these circumstances, the Court concluded that the staff judge advocate had effectively purged the law officer's error. In the course of its opinion, this Court said:

"Of course, the record of trial considered by the board of review contained the extensive review of the convening authority's staff judge advocate. Despite the board's failure to render a long-form opinion, we are sure that its members were cognizant of the content of this field review. Therefore, we must conclude that they too passed on the question of appropriateness of sentence—and with no sort of misconception that the accused had been convicted of offenses whose maximum punishment aggregated fifteen rather than only ten years. Thus all doubt is removed that the question of sentence adequacy was passed on by agencies with power—wholly wanting in this Court—to determine appropriateness in this area."

The instant case, however, is clearly distinguishable from the Crusoe case, supra. Here the staff judge advocate in his review not only failed to purge the law officer's instructional error, but in fact compounded it, by advising the convening authority that the maximum permissible sentence was the same as had been instructed upon by the law officer.

It would have been a simple matter for the board to have referred to the error in the course of its opinion. In that way this Court would not of necessity now be forced to grope blindly in the dark in an effort to determine whether the error was considered and the sentence reassessed on that basis. All genuine doubts in this area must be resolved in favor of the accused. I would reverse and return the record to the board of review to permit a reassessment of the sentence in view of the erroneous instruction. United States v Cooper, 2 USCMA 333, 8 CMR 133.