UNITED STATES, Appellee

v

RONALD O. GRIFFIN, Private, U. S. Marine
Corps, Appellant

8 USCMA 206, 24 CMR 16

No. 9601

Decided August 23, 1957

*Major R. D. Humphreys* argued the cause for Appellant, Accused.
*Major Charles R. Larouche* argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of two specifications of unauthorized absence, one of which was almost two months in duration, and of a failure to obey a lawful order. Considering two previous convictions, including one for desertion, the court-martial adjudged a sentence of dishonorable discharge, total forfeitures, and confinement at hard labor for 2½ years. In reviewing the case the convening authority's Staff Legal Officer referred to "other facts concerning the accused's absence" which he found in the record of trial of another Marine. These purported "facts" were contained in testimony of the accused in the other case and were of a derogatory nature. The staff legal

officer concluded that he could find nothing "on which to base a recommendation for clemency." Accordingly, he recommended approval of the sentence, and the recommendation was accepted by the convening authority.

When the case came before the board of review, appellate defense counsel contended that the accused was prejudiced by the failure of the convening authority to accord him an opportunity to rebut the extra-record derogatory matter, and that the sentence was excessive and inordinately severe. "Proceeding on the basis" that error had been committed by the convening authority, the board of review re-evaluated the sentence upon the record and without regard to "that portion of the statement

206

of the legal officer complained of here." It concluded that the period of confinement was too severe and that a dishonorable discharge was "not in keeping with the nature of the offenses of which the accused" was convicted. The board of review, therefore, mitigated the dishonorable discharge to a bad-conduct discharge and reduced the period of confinement by nine months. The accused now contends that the board of review could not itself cure the error, but was required to order a new post-trial review.

Unquestionably, it was error for the convening authority to consider, in his deliberations on the sentence, adverse matter from outside the record without affording the accused an opportunity to rebut or explain that matter. United States v Lanford, 6 USCMA 371, 20 CMR 87. How to cure this error in the sentence is another problem. The answer depends upon the facts in the particular case. Sometimes error can best be cured by returning the case to the level of proceedings at which the error occurred; in other instances, the reviewing authority, by the exercise of its own powers, can effectively eliminate the harmful consequences of the error in earlier proceedings. See Feld, A Manual of Courts-Martial Practice and Appeal, §§ 95, 113, 147 (1957). For example, an erroneous instruction on the limits of the sentence can sometimes be cured by the board of review by reassessing the sentence in the light of the error; other times what is required is a rehearing by the court-martial. Cf. United States v Reiner, 8 USCMA 101, 23 CMR 325; United States v Oakley, 7 USCMA 733, 23 CMR 197. A similar balance of factors exists when the reviewing authority sets aside one or more of a number of findings of guilty. The critical inquiry is whether justice to the accused requires redetermination of the sentence by the "primary" authority. United States v Kowert, 7 USCMA 678, 23 CMR 142.

At all times the paramount consideration is to do justice to the accused. As we pointed out in United States v Papciak, 7 USCMA 412, 416, 22 CMR 202, in another, but related, connection, the reviewing authority must consider whether "a new start as it were—is important to an equitable and fair administration of justice." But that principle cannot be applied with slide rule exactitude. There is, and necessarily must be, an area of discretion in a matter of this kind. United States v Stene, 7 USCMA 277, 22 CMR 67.

After careful review of the nature of the extra-record evidence and considering all the other evidence relating to the sentence, we conclude that the board of review properly corrected the error here, making it unnecessary to return the case to the convening authority. Cf. United States v Atkins, 8 USCMA 77, 23 CMR 301. United States v Papciak, supra. Accordingly, we affirm the decision of the board of review.

FERGUSON, Judge (concurring):

In United States v Reiner, 8 USCMA 101, 23 CMR 325, Judge Latimer held—with the Chief Judge concurring in the result—that a board of review could purge the prejudicial effect of a law officer's erroneous instruction on maximum sentence by reassessing the sentence although neither the staff judge advocate in his post-trial review, nor the board of review in its opinion offered the slightest indication of an appreciation of the error. Although recognizing the power of the board of review to purge that type of error, I dissented in that case because I was unable to "assume that they have done their duty when their own opinion is silent on the matter." In the instant case, however, the board, in its written opinion fully discussed the effect of the legal officer's comments, and concluded that they were

". . . derogatory of the accused and that the latter has not had opportunity to comment thereon the Board is of the opinion that it can by its own action cure any error that may exist since the purported error relates to the appropriateness of the sentence only. . . . In determining the appropriateness of the sentence we will disregard that portion of the statement of the legal officer complained of here."

**207**

In addition the board of review substantially reduced the sentence imposed by the Court and approved by the convening authority. As a result of the board's well-considered opinion, I am not—as I was in the Reiner case, supra —"forced to grope blindly in the dark in an effort to determine whether the error was considered and the sentence reassessed on that basis." Accordingly, I concur in the Court's decision.

Judge LATIMER concurs in the result.