UNITED STATES, Appellee

v

HERBERT VARA, Private, U. S. Marine Corps, Appellant

8 USCMA 651, 25 CMR 155

No. 10,567

Decided January 31, 1958

 

*Major R. D. Humphreys* argued the cause for Appellant, Accused.
*Major Charles R. Larouche* argued the cause for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was convicted by general court-martial of five offenses involving the sale, use, and transfer of heroin and marihuana, charged as violations of Article 134, Uniform Code of Military Justice, 10 USC § 934. The sentence adjudged provided for a dishonorable discharge, total forfeitures, and confinement at hard labor for seven years. The convening authority approved the findings and sentence, and the board of review followed suit except to approve only so much of the sentence as included a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. The case is here through certificate of The Judge Advocate General of the Navy upon two issues, namely:

"1. Did the Staff Legal Officer err to the substantial prejudice of the accused in including in his Staff Legal Officer's review the following comments:

'In addition to the above, subsequent to his trial the accused was reported to be in possession of marihuana in the base brig. This allegation was supported by the production, by another inmate, of a partially smoked marihuana cigarette, that originally had been in the possession of the accused. When the veracity of the allegation was questioned the inmate was subjected to a lie detector test. The results of that test substantiated the allegation against the accused. Therefore, due to the gravity of the offenses of which he was convicted and his conduct subsequent to conviction, it is my opinion the sentence adjudged should not be reduced.'

"2. Did the fact that the court members were provided with a copy of the Manual for Courts-Martial constitute prejudicial error?"

United States v Griffin, 8 USCMA 206, 24 CMR 16, is dispositive of the first certified question. There this Court said:

"Unquestionably, it was error for the convening authority to consider, in his deliberations on the sentence, adverse matter from outside the record without affording the accused an opportunity to rebut or explain that matter. United States v Lanford, 6 USCMA 371, 20 CMR 87."

The convening authority in this case was forcefully notified by his staff legal officer's review that the accused's conduct following his conviction and sentence by court-martial was reprehensible for acts similar to those which had been the basis of the charges against him. The accused was then condemned of possessing a habit-forming drug while in confinement awaiting the convening authority's action in his case, on the testimony of a fellow-inmate. The credibility of this unsworn witness, if any, was based largely on the results of a lie detector test. This information was from outside the record, and we are presented with nothing to indicate that the accused was given the chance to deny, explain, or rebut this accusation. The staff legal officer supported a conclusion that no clemency should be afforded the accused because of this misbehavior, and there is the fair risk that the convening authority was likewise influenced by the reported incident. It evinced a post-trial course of criminal conduct which would cause any convening authority to shy away from consideration of clemency in the case.

In United States v Wise, 6 USCMA 472, 20 CMR 188, this Court said that the review of an accused's sentence at the convening authority level was "his first and perhaps best opportunity to have his sentence tempered by mercy and to obtain an additional chance to prove his worth to his service, and his country." To permit an ex parte showing of a substantive offense without notice to an accused and from a questionable source would be to undermine this opportunity which rightfully belongs to an accused in military jurisprudence. The first certified question is thus answered in the affirmative.

In cases recently argued before this Court, counsel have expressed some un-certainty as to the procedure employed in processing staff judge advocate reviews. Generally speaking, it would appear that the accused and his counsel are uninformed of the contents of the review. Some of the information touching on matters which militate against clemency and the accused's potentialities for rehabilitation is gathered from sources unknown to him. There is nothing of record showing that he was confronted with adverse factual matters, and there is some possibility that had he been afforded an opportunity to meet matters not called to his attention, he might have rebutted them or explained away some of their damaging effects. While it is true the Code does not require that he be furnished a copy of the report, Article 38(c) provides:

"In every court-martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the contents of the record which he considers appropriate."

In addition, paragraph 48*j* of the Manual in part prescribes:

"(1) *Clemency petition.*—At the close of the trial or as soon thereafter as practicable, if the accused is found guilty, the defense counsel shall, in a proper case, prepare a recommendation for clemency setting forth any matters as to clemency which he desires to have considered by the members of the court or the reviewing authority. He shall secure the signatures of those members of the court who have indicated their willingness to sign the recommendation, and shall submit it to the trial counsel for attachment to the record of trial. See 77*a*.

"(2) *Appellate brief.*—In every court-martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the

contents of the record which he may deem appropriate (82e; Art. 38c)."

No doubt Article 38 and the quotation from the Manual, supra, in speaking of objections to the contents of record, are dealing principally with matters prior to conviction, but if new matters are being introduced into the record prior to the time it reaches the convening authority, just and fair administration ought to permit objections, if any, to be lodged against them. While rules of procedure for military courts are prescribed by the President, there is a void in this field which should be filled. The Services could correct the deficiency by appropriate regulations, while the only method available to us is to set aside a sentence when the accused has been prejudiced. Therefore, to improve the administration of military justice, to avoid unnecessary reversals, and to bring some semblance of orderly procedure out of what appears to be a rather obscure method of operation, we suggest that a practice of serving a copy of the review, or those parts which contain matters of fact adverse to an accused, on the accused or his counsel sometime prior to action by the convening authority be adopted. The time of service should be early enough to permit a reply thereto if accused is so disposed. If that procedure is used, an accused will be afforded a fair opportunity to answer new matters which are prejudicial to him and to present information which might be helpful to his cause. Furthermore, the convening authority and higher reviewing authorities who have power to modify sentences may be furnished with a more comprehensive and impartial base for determining the appropriateness of sentence. Finally, this Court will not be required to speculate on accused's familiarity with the facts being used against him.

Turning to the second question, the record substantiates that the court-martial members had ▓▓▓▓ copies of the Manual for Courts-Martial, United States, 1951, with them in their closed session deliberations. The law officer noted at the beginning of his charge to the court that the members had been

654

so provided. After this, however, he gave complete instructions on the elements of the offenses charged, the issues raised by the evidence and on the concepts contained in the four subsections of Article 51 (c), Uniform Code of Military Justice, 10 USC § 851. In addition, he informed the court that it should observe the rules set forth in paragraph 74a when making its findings. During the hearing on sentence, trial defense counsel directed the court members to paragraph 76a(3), Manual for Courts-Martial, United States, 1951, for guidance in their consideration of two previous court-martial convictions in accused's background which were brought to light by trial counsel. The law officer later referred the court to paragraph 76b(3) for the number of votes required to impose the maximum punishment in the case.

United States v Boswell, 8 USCMA 145, 23 CMR 369, decries, and United States v Rinehart, 8 USCMA 402, 24 CMR 212, prohibits such practice after a specified time. However, the trial of this case occurred prior ▓▓▓▓▓ to the promulgation of our decisions in the two above-cited cases and antecedes the effective date of the prohibition. This means, in the words of the latter decision, that reversive action will be taken in this case only in the event prejudice is found to exist. We, therefore, look to the record to ascertain if there is a fair risk of harm to the accused.

As previously mentioned, complete instructions were given and the Manual was used in a supplemental manner. Specific sections were referred to, and there is nothing in those parts which would harm the accused. To state the obvious, paragraph 74a expresses limitations as to evidence which could not, by any stretch of reasoning, be considered unfavorable to him. And paragraph 76b(3), which in all other respects is a restatement of matters included in Article 52, Uniform Code of Military Justice, 10 USC § 852, contains this restriction as to voting:

". . . If, in computing the number of votes required, a fraction results, such fraction will be counted

as one; thus, if six members are to vote, a requirement that three-fourths concur is not met unless five concur,"

which cannot be detrimental to the accused, since it increases and never decreases the number of votes required against him. The court members were specifically referred to paragraph 76a (3) by defense counsel at trial. Aside from any consideration of self-induced error, we see nothing harmful to the accused in the reference. If the court members used other portions of the Manual than those they were referred to by the law officer and trial defense counsel, there is absolutely no evidence of it in the record. Moreover, counsel for the accused do not demonstrate to us any way in which the court could have been misinstructed or confused, and we find no possibility that such could be the case. We, therefore, view this case as one in which use of the Manual was harmless.

The second certified question is, therefore, answered in the negative. The decision of the board of review is reversed, and the record is returned to The Judge Advocate General of the Navy for action consistent with the views we express.

Chief Judge QUINN and Judge FERGUSON concur.