UNITED STATES, Appellee

v

RALPH W. TAYLOR, Private E-1, U. S. Army, Appellant

9 USCMA 34, 25 CMR 296

No. 10,507

Decided March 14, 1958

*Colonel Edward M. O'Connell* and *Captain Arnold I. Melnick* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant Thomas M. Lofton* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused pleaded guilty to two charges alleging, respectively, the failure to report to his appointed place of duty, in violation of Article 86, Uniform Code of Military Justice, and assault with a dangerous weapon (a straight razor), in violation of Article 128, Uniform Code of Military Justice, 10 USC §§ 886, 928. He was convicted of both offenses. With the court considering evidence of two previous convictions, he was sentenced to a dishonable discharge, total forfeitures and confinement at hard labor for three years and one month. In accordance with a pretrial agreement with the accused, the convening authority reduced the period of confinement to one year. Intermediate appellate authorities affirmed. On appeal to this Court, the accused contends that he was prejudiced by the staff judge advocate's inclusion in the post-trial review of adverse matter which he did not have an opportunity to explain or rebut. See United States v Griffin, 8 USCMA 206, 24 CMR 16. The challenged matter is as follows:

"... In addition he has a reputation for carrying straight razors and has been heard to boast on several occasions that he would use a razor if he got into a fight."

A careful reading of the staff judge advocate's review convinces us that reference to the accused's reputation for using a straight razor was merely incidental. In the face of the other recitals concerning the accused's background and personality, we are certain that the challenged statement did not influence the convening authority in his action on the case. Among the matters properly noted by the staff judge advocate are the following: The accused was convicted by a civilian court in Indiana for a violation of the "Sullivan Firearms Act"; that, although married and the father of three children, the accused committed the assault for which he was convicted in the course of a contest for the companionship of a woman; that the accused displayed a "wholly indifferent" attitude toward possible rehabilitation training, and was overtly neither "remorseful . . . [nor] repentent of his misdeeds."

Considering the review as a whole, we conclude that the accused was not deprived of any substantial right by the inclusion of the challenged matter. United States v Williams, 9 USCMA 36, 25 CMR 298. The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

On January 31, 1958, a unanimous Court in the case of United States v Vara, 8 USCMA 651, 25 CMR 155, held that it constituted prejudicial error to include in the post-trial review matters outside the record of trial which are adverse to the accused without first affording him an opportunity of rebuttal. This was considered by us the only workable rule to apply in those situations. It is indeed unfortunate that the majority of the Court in the instant case so soon retreats from that position. There is little doubt in my mind that the paramount purpose in introducing matter adverse to the accused in the post-trial review is to influence the convening authority to forego the exercise of his clemency powers.

Extraneous matters derogatory to an accused, which are spread upon the pages of the post-trial review, serve much the same purpose as damaging evidence introduced by the prosecution at trial and that is to militate heavily against an accused. There does exist, however, one important distinction. At trial, an accused is permitted to face his accusers, deny their accusations and offer evidence in his own behalf. In the post-trial review, however, he is not accorded these fundamental safeguards and the review oftentimes takes on the appearance of a star chamber proceeding. Furthermore, to say that such adverse matter—which the accused had never been given an opportunity to rebut—had little if any effect on the convening authority's action, completely ignores the practicalities of the situation. Were it possible to measure with some degree of mathematical precision the effect that such adverse disclosures had on the convening authority's action, I might be persuaded to join my brothers. Unfortunately, however, I have no way of gauging the extent to which the accused has been prejudiced by the convening authority's consideration of this information. I would return the case for a new review in which the accused would be afforded full opportunity to rebut or explain, should he so desire, the unsubstantiated derogatory comments contained in the review. United States v Vara, supra; United States v Griffin, 8 USCMA 206, 24 CMR 16.