UNITED STATES, Appellee

v

WILLIAM D. SMITH, Private E–2, U. S. Army, Appellant

9 USCMA 145, 25 CMR 407

No. 10,409

Decided April 11, 1958

First Lieutenant *William L. Garwood* argued the cause for Appellant, Accused. With him on the brief were Colonel *Edward M. O'Connell* and First Lieutenant *Lawrence R. Fullem*.

First Lieutenant *Jay D. Fischer* argued the cause for Appellee, United States. With him on the brief were Colonel *J. L. Searles* and Lieutenant Colonel *John G. Lee*.

## Opinion of the Court

HOMER FERGUSON, Judge:

The narrow issue presented in this appeal is whether the convening authority may, in the exercise of his clemency powers, consider matter detrimental to the accused not in evidence without first affording him an opportunity to rebut or explain such matter. In view of

the accused's expressed intention to plead guilty, the convening authority had agreed to approve only so much of the sentence imposed by the court-martial as provided for a bad-conduct discharge, total forfeitures, and confinement at hard labor for eighteen months. At trial the accused pleaded guilty as charged and was subsequently sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for five years. The convening authority reduced the sentence accordingly.

The staff judge advocate in the post-trial review, under a section entitled "Clemency," with a subtitle "Military Record," set forth the following information:

"6. . . .

"b. *Military Record.* The accused enlisted at the age of 17 and joined his organization on 10 September 1956, where his duty assignment is light truck driver. He was convicted by summary court-martial on 16 November 1956 for failure to go to his appointed place of duty and was sentenced to confinement for 1 month (suspended) and to forfeit $50.00. Non-judicial punishment has been imposed on him five times for missing reveille (2), missing bed check, operating a Government vehicle without having operator's permit in his possession, and failure to comply with lawful order. Officers and men of his unit regard him as unsatisfactory as to character and as a soldier. His unit commander states that the accused is a surly, insubordinate person without moral standards or respect for superiors and is intensely disliked by most of the men in the unit; that he is not fit for further service and is not wanted for further service with his organization."

The accused contends that he was prejudiced by the failure to afford him an opportunity to rebut or explain this matter. He relies heavily on our decision in United States v Griffin, 8 USCMA 206, 24 CMR 16, where we held that it was error for the convening authority to consider, in his deliberations on the sentence, adverse matter from outside the record without affording the accused the opportunity of rebuttal. See also United States v Lanford, 6 USCMA 371, 20 CMR 87.

The Government seeks to distinguish the present case from *Griffin,* supra, by noting that in the latter case the post-trial review referred to "other facts concerning the accused's absence" which "facts" were contained in the accused's testimony given while a witness in another case. It is insisted that the adverse matter presented to the convening authority in the instant case is entirely different from that considered in *Griffin.* The Government further argues that the information respecting nonjudicial punishment was a matter of official record and well known to the accused and that the statement describing the accused's character merely represented the "subjective opinion" of his commanding officer. In addition to these arguments, the Government contends that the accused has been given the opportunity to rebut or explain the matter here complained of. The information commented upon in the review was obtained from a statement entitled "Personal Evaluation Sheet of Accused," which was prepared prior to trial by the company commander. This document, which bears the accused's signature, was found among the allied papers in the record of trial. From this circumstance the argument proceeds on the theory that defense counsel knew or should have known of the contents of this document and therefore must have realized the staff judge advocate would utilize the material in his review. Under these circumstances, had the accused desired to offer matter in rebuttal, a post-trial brief should have been submitted for the convening authority's consideration pursuant to Article 38 (c), Uniform Code of Military Justice, 10 USC § 838.[1] In the view we take of

---

[1] "(c) In every court-martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused

the case, it is unnecessary to consider these arguments.

Recently in the case of United States v Vara, 8 USCMA 651, 25 CMR 155, we reviewed the question of the inclusion of matters in the post-trial review obtained from sources outside the record which are inimical to an accused. There, the accused had been convicted of five offenses involving the sale, use and transfer of habit-forming narcotic drugs. In the review the staff legal officer stated that subsequent to the accused's trial he was reported to have been in possession of marihuana while in the brig. This information had been reported by another inmate who had been given a lie detector test, the results of which substantiated the allegation against the accused. The staff legal officer then recommended that due to the gravity of the offenses of which the accused stood convicted "and his conduct subsequent to conviction, it is my opinion the sentence adjudged should not be reduced." A unanimous Court held in that case that it was prejudicial error to include in the staff legal officer's review matter outside the record adverse to the accused without affording him an opportunity of rebuttal. While it is arguable that the derogatory matter found in the review of the Vara case, supra, is similar to that contained in Griffin, supra, but unlike that found in the instant case, we need not decide the issue on that basis.

The reason for the rule entitling an accused to rebut adverse matters contained in the review derived from sources outside the record is no more than a practical application of the well-recognized maxim that there are two sides to every story. By affording the accused an opportunity of rebuttal, we seek merely to lessen the possibility that the convening authority in the exercise of his clemency powers will be influenced by only one side of the coin; namely, the side which militates against the accused. In the instant case, however, we are convinced that the convening authority was not so influenced and that

on review, including any objection to the contents of the record which he considers appropriate."

the reason for the rule has been satisfied. Following the portion of the review herein complained of, the staff judge advocate noted that although the accused's prior record was poor "only purely military offenses, not involving moral turpitude, are here involved." The reviewer then recommended that because of the accused's youth "the opportunity to rehabilitate himself in the service ought not to be denied to him." The convening authority, acting upon the sentence, not only effected the reduction as provided for in the pretrial agreement but also suspended the execution of the punitive discharge with a view to the accused's rehabilitation. In light of these circumstances, we are constrained to conclude that the accused could not have been prejudiced by this review.

Before concluding this opinion, we wish to commend to the attention of those responsible for the preparation of post-trial reviews the suggestions set forth in the Vara decision, supra, concerning procedures to be employed in those cases where adverse matter from outside the record finds its way into the review. We there said:

". . . Therefore, to improve the administration of military justice, to avoid unnecessary reversals, and to bring some semblance of orderly procedure out of what appears to be a rather obscure method of operation, we suggest that a practice of serving a copy of the review, or those parts which contain matters of fact adverse to an accused, on the accused or his counsel sometime prior to action by the convening authority be adopted. The time of service should be early enough to permit a reply thereto if accused is so disposed. If that procedure is used, an accused will be afforded a fair opportunity to answer new matters which are prejudicial to him and to present information which might be helpful to his cause. Furthermore, the convening authority and higher reviewing authorities who have power to modify sentences may be furnished with a more comprehensive and impartial base for

determining the appropriateness of sentence. Finally, this Court will not be required to speculate on accused's familiarity with the facts being used against him."

Had such procedure been employed here, this case never would have reached this Court. It is our expressed intention that this procedure, if adopted, be given a liberal, rather than a grudging, application. This should be especially so in cases such as the present one where doubt exists as to whether the matter contained in the review is of the type which an accused is entitled to rebut.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.