UNITED STATES, Appellee

v

ALBERT E. SARLOUIS, Airman Third Class,
U. S. Air Force, Appellant

9 USCMA 148, 25 CMR 410

*Lieutenant Colonel Robert O. Rollman* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*
*Major Fred C. Vowell* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On his plea of guilty, the accused was convicted of carnal knowledge with a twelve-year-old girl, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920. He raises two questions on this appeal.

Relying upon United States v Allen, 8 USCMA 504, 25 CMR 8, the accused contends that he was deprived of adequate representation at the trial because his counsel presented no argument on the sentence. The facts here, however, are closer to those in United States v Friborg, 8 USCMA 515, 25 CMR 19, than those in *Allen*. Here, as in the *Friborg* case, there were stipulations of testimony admitted into evidence from which the surrounding circumstances appear substantially less aggravating than the actual facts. For example, the stipulated testimony creates the impression that the victim was physically mature, but as the assistant defense counsel observed in a pretrial request for a psychiatric examination of the accused, it is doubtful whether "anyone could look at her and think she is over thirteen. She has matured bodily very little." Also here, as in the *Friborg* case, the law officer plainly indicated to the court-martial that it was not bound to adjudge the maximum sentence, and in fact the court imposed a sentence which was but one-third of the maximum. Certainly, counsel could have made a statement on behalf of the accused and possibly his statement might have induced the court to be more lenient than it was. However, we are sure that under the circumstances of this case defense counsel's failure to argue did not deprive the accused of the effective assistance of counsel. We are supported in this conclusion by the accused's own statement, in his post-trial interview with the Wing Staff Judge Advocate, that he "received a fair trial and . . . was satisfied with the representation afforded him by his counsel."

The second issue relates to the post-trial review. The accused maintains that he was deprived of an opportunity to rebut adverse matters set out in the review. See United States v Griffin, 8 USCMA 206, 24 CMR 16; United States v Vara, 8 USCMA 651, 25 CMR 155. The allegedly derogatory information is contained in "evaluation" statements by the accused's squadron commander and first sergeant. Combined, the statements refer to the "sloppy appearance" of the accused and his lack of ability and effort to carry out the various jobs to which he was assigned. Each statement concludes with a recommendation that the dishonorable discharge imposed upon the accused be executed.

Directing attention to its commendable program for the rehabilitation of convicted accused, the Government argues that the "purely military impressions and evaluations" contained in the

statements should not be included within the rule of the *Griffin-Vara* line of cases. As far as a bare "impression" or "recommendation" is concerned the argument has considerable persuasiveness. At least at first blush there would appear to be little that the accused can do to challenge a purely personal opinion of his worth to the military establishment or his value as an individual. Frequently, however, the impression or recommendation is fortified by the "facts" upon which it is based. See United States v Williams, 9 USCMA 36, 25 CMR 298. If these facts are derogatory, the accused must be accorded an opportunity to meet them. *United States v Vara*, supra. Also, it is worth noting that the post-trial review is the basic document upon which the convening authority acts on the case. It is, therefore, an important part of the legal proceedings against the accused and he should be fully apprised of the contents of the review.

Turning directly to the purported adverse matter, we cannot see how it had any harmful effect. The offense of which the accused was convicted carries a punishment which includes confinement at hard labor for 15 years. The accused came before the convening authority with a sentence which included confinement for five years. In his personal interview with the Wing Staff Judge Advocate the latter indicated that he presented an "unfortunate appearance" in that he has a "smirk-like smile" which gives one the impression that he "is pleased with himself." The Wing Staff Judge Advocate thought that this peculiar facial characteristic might have influenced the court-martial. He prepared a comprehensive and thoughtful review of the entire case and the accused's background personality. He recommended that the period of confinement be cut to two years. The record indicates that the Staff Judge Advocate predicated the personal history section of his own review and his final recommendations to the convening authority upon the Wing Staff Judge Advocate's post-trial interview report. There is nothing, therefore, to support the claim that the inclusion of the alleged derogatory matter prejudiced the accused. United States v Smith, 9 USCMA 145, 25 CMR 407.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

Judge FERGUSON concurs in the result.