UNITED STATES, Appellee

v

ESTIL MORRIS, Ship's Serviceman Seaman, U. S. Navy, Appellant

9 USCMA 368, 26 CMR 148

No. 11,395

Decided June 13, 1958

*Lieutenant (jg) Charles D. Hawley,* USNR, was on the brief for Appellant, Accused.

*Major Charles R. Larouche,* USMC, was on the brief for Appellee, United States.

Opinion of the Court

PER CURIAM:

The accused pleaded guilty before a Navy special court-martial to the offenses of absence without leave and missing movement, in violation of Articles 86 and 87 of the Uniform Code of Military Justice, 10 USC §§ 886 and 887, respectively. The staff legal officer in the post-trial review, after commenting upon the offenses charged,

368

stated that "a synopsis of conduct of the accused after trial indicates that the accused has been disrespectful towards his superior officers and while restricted to the ship was found incapacitated for duty due to the consumption of alcoholic beverages." A recommendation for clemency was declined due to the seriousness of the offenses "plus the apparent present attitude of the accused." The supervisory authority approved the findings and the sentence and the board of review affirmed without comment.

We granted review to determine whether the staff legal officer erred in considering adverse matter derived from sources outside the record without affording the accused an opportunity of rebuttal. An examination of the entire record fails to reveal that the accused's background was of an aggravated criminal nature as was the case in United States v Taylor, 9 USCMA 34, 25 CMR 296, and United States v Williams, 9 USCMA 36, 25 CMR 298. The adverse matter commented upon by the staff legal officer represented conduct every bit as serious as the offenses for which the accused was convicted. Furthermore, the accused had entered his plea of guilty because of "a desire and willingness to accept all punishment, save a BCD, in order to complete his obligated service."

We conclude, therefore, that under the circumstances of this case it was error not to afford the accused an opportunity to rebut the adverse matters found in the review. United States v Vara, 8 USCMA 651, 25 CMR 155. The decision of the board of review is reversed and the record is returned to The Judge Advocate General of the Navy for action consistent with the views herein expressed.