**UNITED STATES, Appellee,**

v.

**Gaylon E. KING, Private, U. S. Marine Corps, Appellant.**

No. 29,525.

U. S. Court of Military Appeals.

Aug. 22, 1975.

*Lieutenant Gordon Stephen Wright,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Commander Jeffrey H. Bogart,* JAGC, USN.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

OPINION OF THE COURT

COOK, Judge:

We granted review to consider a number of questions relating to the post-trial proceedings.

The Government concedes that staff judge advocate's post-trial advice to the convening authority, required by Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861, is deficient in a material respect. Consequently, remand of the record of trial is required. On such remand, appropriate action can be taken with regard to accused's contention that he was denied the opportunity to explain or rebut adverse matter in the original review.[1] The correctness of the proceedings that resulted in recision of the deferment of accused's confinement need not be reviewed as the period of confinement adjudged by the court-martial has now expired, and there is no further risk of accused's confinement even as a prisoner whose sentence has not been finally approved.

The decision of the Court of Military Review is reversed, and the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General for resubmission to the convening authority for proceedings consistent with this opinion.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.

---

1. *See United States v. Smith,* 9 U.S.C.M.A. 145, 25 C.M.R. 407 (1958).