## UNITED STATES

v.

**Bruce E. MOLES, 559 13 7648, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 78 1665.**

U. S. Navy Court of Military Review.

Sentence Adjudged 26 July 1978.

Decided 16 April 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

FERRELL, Judge:

Appellant, pursuant to his pleas, was convicted by a special court-martial, military judge alone, of wrongful possession of 12.34 grams of phencyclidine, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C.A. § 892. He was sentenced to confinement at hard labor for 3 months, to be discharged with a bad-conduct discharge, forfeiture of $100.00 pay per month for 3 months, and reduction to pay grade E–1. The findings and sentence were approved by the convening authority on 17 August 1978 and the supervisory authority on 25 September 1978.

During the presentencing portion of the court-martial the appellant in an unsworn statement told the judge his troubles in the Marine Corps were now in the past and requested another chance to complete his enlistment. The military judge, after imposing sentence, recommended the bad-conduct discharge and confinement at hard labor be suspended by the convening authority. A week after the sentence was imposed, the appellant, on 2 August 1978, as part of the Clemency and Parole Board proceedings, requested waiver of restoration to duty and execution of his bad-conduct discharge.

Appellant assigns the following errors:

I

THE MILITARY JUDGE'S RECOMMENDATION FOR A SUSPENSION OF THE BAD CONDUCT DISCHARGE WAS PREJUDICIALLY DISCOUNTED THROUGH THE INCLUSION IN THE RECORD OF A POST–TRIAL INTERVIEW OF THE APPELLANT (ON AUGUST 2, 1978) IN WHICH THE ACCUSED WITHOUT THE PROTECTION OF THE PRESENCE OF COUNSEL AS MANDATED BY *UNITED STATES V. HILL*, 4 M.J. 33 (C.M.A.1977), AND *UNITED STATES V. JORDAN*, NO. 77 1448 (NCMR 15 FEBRUARY 1978), WAS INDUCED TO CONTRADICT HIS ALLOCATION TESTIMONY BY REQUESTING THE EXECUTION OF HIS BAD CONDUCT DISCHARGE.

II

THE APPELLANT WAS INCORRECTLY COMPELLED TO MAKE WRITTEN STATEMENTS TO THE PAROLE AND CLEMENCY BOARD WHICH WERE PREJUDICIAL TO HIMSELF BY THE UNLAWFUL AND INCORRECT ADVICE THAT A "FAILURE TO RESPOND FULLY" MIGHT RESULT IN A REFUSAL OF THE BOARD TO "CONSIDER (HIS) ELIGIBILITY FOR CLEMENCY OR PAROLE."

██ Appellant's defense counsel equates proceedings involving the Clemency and Parole Board with post-trial interviews between appellant and the convening authority and/or his staff judge advocate. He further contends the inclusion of Clemency and Parole Board proceedings are being routinely included with the record of trial, with no safeguards for the appellant. In support of his position, he cites this Court's opinion in *United States v. Jordan*, No. 77 1448 (NCMR 15 February 1978) and that of the United States Court of Military Appeals in *United States v. Hill*, 4 M.J. 33 (C.M.A. 1977). The proceedings in question in both *Jordan* and *Hill* involved a post-trial inter-

view between appellant and the convening authority or his staff judge advocate. Writing for the majority in *Hill*, Chief Judge Fletcher stated in reference to the post-trial interview: ". . . we find this situation adversary in character and see the need for the assistance of counsel." The post-trial interview and the Clemency and Parole proceedings are conducted for different purposes. The former is designed to shed additional light or information to assist the convening and supervisory authorities in acting on the findings and sentence of the court-martial, whereas the paramount purpose of the latter is to provide a basis for the exercise of clemency or parole, which is pertinent, for the sake of consistency, to an action being taken by a convening/supervisory authority, but ancillary and non-adversary in its effect. We are convinced that the holdings in *Hill* and *Jordan* requiring the assistance of counsel should be limited to post-trial interviews which are by their nature adversary, and should not be extended to cover proceedings pertaining to clemency and parole matters which we do not consider to be adversary proceedings.

The information contained in the clemency and parole proceedings are matters which may be appropriately considered by the convening and supervisory authorities in taking their actions on the sentence pursuant to Paragraph 85*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition). The law affords appellant ample safeguards in regard to clemency and parole matters in the requirements established in *United States v. Vara*, 8 USCMA 651, 25 CMR 155 (CMA 1958); *United States v. Scott*, 20 USCMA 264, 43 CMR 104 (CMR 1971); and *United States v. Goode*, 1 M.J. 3 (CMA 1975).

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge ROOT concur.