**UNITED STATES**

v.

**Airman First Class Donald K. WILLETT, FR 213–54–5662 United States Air Force.**

**ACM S25095.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 July 1980.

Decided 5 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

■ We hold that the convening authority was properly advised in the review of the staff judge advocate to consider evidence of post-trial drug abuse in determining whether or not to exercise clemency.

The accused was convicted of the possession and transfer of marijuana. His immediate commander recommended that his sentence be reduced and he be given the opportunity to rehabilitate himself. While awaiting action by the convening authority, the commander received information that an analysis of the accused's urine revealed the presence of cocaine. The information had been obtained as a result of a commander-directed urinalysis test. This information was provided to the staff judge advocate and included in his review despite objection by the accused. The convening authority approved the sentence as adjudged.

■ Commander directed urinalysis testing is permissible and necessary to identify and treat drug abusers, but, the results of such testing cannot be used as evidence against an accused in a court-martial or as a basis for separating him from the service with less than an honorable discharge. *United States v. Ruiz*, 23 U.S.C.M.A. 181, 48 C.M.R. 797 (1974). However, commanders in the member's chain of command are authorized access to such information in order to review the member's status and insure appropriate action is taken. We believe that the convening authority as the com-

mander should consider all evidence of significant post-trial misconduct which is properly available to him in determining the accused's rehabilitation potential and whether or not to extend clemency *. *United States v. Pells*, 46 C.M.R. 697 (A.C.M.R. 1972).

Here the results of the testing had been obtained by the squadron commander pursuant to his duties and was properly in the hands of the convening authority as a commander in the chain of command. The accused's post-trial misconduct was a proper factor for the convening authority to consider, and provided ample reason to withhold clemency in approving the accused's sentence. The action of the convening authority was a proper command function and resulted in no greater penalty to the accused than that already adjudged. No charges were brought against the accused for the misconduct and it was not used as a basis for the accused's punitive discharge.

■ An AF Form 1612, Notification of Drug Abuse Information, reflecting drug

---

* The accused must be given the opportunity to rebut or explain any new/adverse information considered by the convening authority. *United*

rehabilitation information, was improperly admitted during the sentencing portion of the trial. *United States v. Cruzado-Rodriquez*, 9 M.J. 908 (A.F.C.M.R. 1980). However, on the facts presented we find no prejudice to the accused because the evidence related to the same offense for which the accused was being sentenced.

Having concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed, the findings of guilty and the sentence are

AFFIRMED.

MAHONEY and MILLER, Judges, concur.

*States v. Vara*, 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958).