UNITED STATES, Appellee

v

OLIVER W. SHIPMAN, Staff Sergeant, U. S. Air Force, Appellant

9 USCMA 665, 26 CMR 445

No. 10,985

Decided October 3, 1958

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb*.

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels*.

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused, after not guilty pleas, was convicted of the theft of a quantity of copper wire, the value of which was more than $50.00, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and of being absent without leave, in violation of Article 86 of the Code, 10 USC § 886. He was sentenced to dishonorable discharge, forfeiture of $65.00 per month for twenty-four months, and confinement at hard labor for twenty-four months. The convening authority disapproved the finding of guilty as to the charge of absence without leave. The convening authority reduced the period of confinement at hard labor to eighteen months and the forfeiture to $44.00 per month for eighteen months. At trial the accused was identified by eyewitnesses as the person cutting and removing a quantity of missing copper wire and as the vendor of a part thereof by a purchaser. Prosecution witnesses were subject to vigorous cross-examination. The accused took the stand only in refutation of the charge of being absent without leave.

Also during the course of the trial a local justice of the peace was called as a witness for the prosecution. Over defense objection, which was overruled, he testified that at a time subsequent to that of the larceny for which accused was on trial, he had found him guilty of a theft of scrap iron. No evidence whatsoever was adduced as to the date of the theft of scrap iron. During the questioning of the justice of the peace the prosecutor was granted an out-of-court hearing to clear up the general rule as to the admissibility of other acts of misconduct on the part of an accused. The proceedings of that hearing do not appear in the record.

666

We granted upon several issues, the principal one of which questions whether the evidence of a civil conviction of larceny was properly admitted into evidence. We must resolve this question in the fields of findings and of sentence. Civilian courts have sharply curtailed admission of prior ▮▮▮▮▮ convictions into evidence. It has been restricted to the question of a defendant's credibility (Peyton v District of Columbia, 100 A2d 36 (DC Mun App) (1953)); and its introduction has been allowed only by the testimony of the accused himself or by the use of properly authenticated court records (Smothers v State, 98 So 2d 66 (Ala) (1957); Wright v State, 38 Ala App 64, 79 So2d 66 (1954)). Paragraph 75*b* (2) of the Manual for Courts-Martial, United States, 1951, dealing with presentencing procedure, provides that evidence of "previous convictions may be proved by the order publishing the result of trial. Ordinarily, however, they are proved by the service record of the accused or an admissible copy or extract copy thereof." Paragraph 153*b* (2) (*b*) of the Manual, supra, dealing with impeachment of witnesses, provides, "Proof of such conviction may be made by the original or an admissible copy of the record thereof, or by an admissible copy of the order promulgating the result of trial."

In the instant case the only evidence of accused's civilian conviction was furnished by the testimony of the justice of the peace. No authenticated copy of his civilian trial or conviction was offered into evidence. Upon this ground alone, the evidence was improperly received.

Error in the admission of this evidence is not limited to that ground alone. This Court has stressed that, with exceptions, reference to other offenses involving an accused are generally improper. United States v Richard, 7 USCMA 46, 21 CMR 172. And, as was said in United States v Kelley, 7 USCMA 584, 23 CMR 48:

"It is clear that before a similar offense can be used there must be a reasonably close connection *in point*

*of time as well as* a 'definite relationship to one of the elements of the offense charged.'" [Emphasis supplied.]

It is obviously impossible to fix such a connection in point of time in the present case since, as we have noted, the time of the theft of scrap iron was never ascertained during the course of the trial. It therefore appears unescapable that the admission of the questioned evidence prejudiced the accused with respect to the findings. The admission of this evidence is objectionable upon three grounds: (1) Since the accused did not take the stand with reference to the larceny charged against him, the testimony of the justice of the peace was inadmissible to attack his credibility; (2) since the evidence was not presented by properly authenticated record, it was inadmissible; and (3) since there was no temporal relationship whatsoever between the military crime with which the accused was charged and the crime for which he suffered a civilian conviction, the evidence was inadmissible to show motive, intent, or design on his part. See Lovely v United States, 169 F2d 386 (CA 4th Cir) (1948), cert den 338 US 834, 70 S Ct 38, 94 L ed 508. In passing, we note the opinion of Chief Judge Quinn, concurring in part and dissenting in part, in the case of United States v Pavoni, 5 USCMA 591, 18 CMR 215:

"Inadmissible evidence may prejudice an accused in regard to the sentence, even though there is no fair risk that it improperly influenced the findings of guilty. United States v Fleming, 3 USCMA 461, 13 CMR 17. I agree with the majority that the accused was not harmed in connection with the findings [i.e., because of compelling evidence of guilt], but I disagree with the majority's failure to consider the effect of the inadmissible evidence on the sentence. . . The convening authority reduced the sentence, but his action was based upon other considerations."

Insofar as the impact of the evidence of accused's civilian conviction on the

sentence is concerned, we note that reference thereto was made by the prosecutor in his argument on the sentence. We further note in connection with the convening authority's reassessment of the sentence that the disallowance of the absence without leave conviction must have played a part. Insofar as the convening authority's reference to this impact of the civilian conviction is concerned, it is sufficient to note that, as to both findings and sentence, it is impossible for an appellate body to weigh evidence so far as this caliber of prejudice is concerned. Consequently, we hold that the improper admission into evidence of the testimony of the justice of the peace requires reversal.

Inasmuch as a rehearing may be ordered and it is problematical whether or not the questions raised by the remaining issues of error assigned will reoccur, there is no necessity for us now to pass upon them.

The decision of the board of review is reversed and a rehearing as to the specification of Charge I may be ordered.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

The staff judge advocate and the board of review concluded the questioned evidence was inadmissible on the larceny .specification. Although I believe the contrary to be true, and take issue with my associates on all three grounds upon which they find the evidence objectionable, it is not necessary that I set out my reasons to support that conclusion. For the purposes of this case, I am willing to follow the reasoning of the previous reviewing authorities and take the position that error was committed when the law officer permitted the court-martial to consider the prior conviction on the intent of the accused.

As limited by the law officer, the court could only consider the inadmissible testimony on the intent of the accused permanently to deprive the Government of its property. An inspection of the record shows that that element was established so conclusively that any impact from the erroneous admission of the civilian conviction on the guilt of the accused was negligible. Certainly under any interpretation of the harmless error rule the findings should be affirmed. United States v Haimson, 5 USCMA 208, 17 CMR 208.

Regarding the effect of the questioned evidence on the sentence, as previously indicated the staff judge advocate concluded the testimony was inadmissible. He so stated to the convening authority and he recommended a reduction of six months in confinement to take care of the dismissed absence offense and any possible prejudice to the accused based on the court-martial's knowledge of the previous offense. The board of review considered the error and the reduction given by the convening authority and independently determined the appropriateness of sentence. It found the sentence appropriate and affirmed. Accordingly, any prejudicial impact of the evidence on the sentence has been purged. United States v Crusoe, 3 USCMA 793, 14 CMR 211; United States v Rainer, 8 USCMA 101, 23 CMR 325; United States v Griffin, 8 USCMA 206, 24 CMR 16; United States v Peters, 8 USCMA 520, 25 CMR 24.

I would affirm the decision of the board of review.