UNITED STATES, Appellee

v

JERRY R. HALL, Airman Apprentice,
U. S. Navy, Appellant

10 USCMA 136, 27 CMR 210

No. 11,744

Decided January 16, 1959

*Captain F. D. Clements*, USMC, argued the cause for Appellant, Accused. With him on the brief was *Commander H. H. Brandenburg*, USN.

*Commander Louis L. Milano*, USN, argued the cause for Appellee, United States. With him on the brief was *Commander James T. Warns*, USN.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted of absence without leave (Charge I), breach of restriction (Charge II), and desertion (Charge III), in violation of Articles 86, 134, and 85, Uniform Code of Military Justice, 10 USC §§ 886, 934, and 885, respectively. The sentence, as approved by intermediate authorities, includes a dishonorable discharge, total forfeitures, confinement at hard labor for two years, and reduction to airman recruit.

The accused pleaded guilty to the unauthorized absence and breach of restriction but not guilty to the desertion. To support the desertion charge, the prosecution introduced service record entries showing an absence of ninety-three days terminated by apprehension by the civil authorities (Prosecution Exhibits 3 and 4). In addition, trial counsel offered in evidence service record entries establishing the unauthorized absence to which the accused had pleaded guilty (Charge I) as probative

of the question of intent to desert. The termination of absence entry (Prosecution Exhibit 2) was objected to in part by the defense counsel on the ground that it contained prejudicial and irrelevant data.

Prosecution Exhibit 2 provides as follows:

"Delivered on board this vessel at 1015, 18 JUL 1957, having been on unauthorized absence since 0730, 24 JUN 57. HALL was apprehended by Mass. State Police, Northboro, Mass. at 1600, 12 JUL 1957 and charged with vagrancy. He appeared in Judge McIntosh's Court, Westboro District, Mass. and was convicted on the above charge, he was fined $100.00 or (1) year in confinement. The sentence was placed on report and HALL was delivered to the Armed Service Police, Boston, Mass. Placed in restriction pending disciplinary action."

The defense objection was overruled and the entry in question was admitted in its entirety. This Court granted review on the issue:

"Whether the law officer prejudiced the rights of the accused by receiving (over objection) as evidence of intent to desert a service record entry (Pros Ex 2) consisting of a hearsay account of a civil court conviction of vagrancy."

A related problem was before this Court in United States v Shipman, 9 USCMA 665, 26 CMR 445. At the trial of the accused in that case for larceny of copper wire and absence without leave, a justice of the peace was permitted to testify, over defense objection, that at a time subsequent to that of the larceny for which the accused was on trial, he had found the accused guilty of a theft of scrap iron. No evidence was presented as to the date of the theft of the scrap iron. The accused testified at trial only as to the absence without leave charge. This Court held the evidence given by the justice of the peace to be inadmissible, saying:

". . . The admission of this evidence is objectionable upon three grounds: (1) Since the accused did not take the stand with reference to the larceny charged against him, the testimony of the justice of the peace was inadmissible to attack his credibility; (2) since the evidence was not presented by properly authenticated record, it was inadmissible; and (3) since there was no temporal relationship whatsoever between the military crime with which the accused was charged and the crime for which he suffered a civilian conviction, the evidence was inadmissible to show motive, intent, or design on his part."

In United States v Richard, 7 USCMA 46, 21 CMR 172, we said:

"Reference to other offenses or acts of misconduct involving an accused are generally improper. Paragraph 138*g*, Manual for Courts-Martial, United States, 1951. United States v Yerger, 1 USCMA 288, 3 CMR 22. This rule is firmly rooted in logic, and intimately connected with the fundamental requirement that tribunals of justice accord all appearing before them a fair trial. United States v Yerger, supra; United States v Johnson, 3 USCMA 447, 13 CMR 3; United States v Gibson, 5 USCMA 699, 18 CMR 323; Pierce v United States, 86 F2d 949 (CA6th Cir)."

In the instant case the accused did not take the stand and his credibility was not in issue. The Government contends, however, that the vagrancy conviction is admissible to show the intent to remain away permanently. They reason that the accused would not have been convicted of vagrancy (the statute using such phrases as "not having visible means of support," and "not giving a good account of themselves") if he had disclosed his military status and that this, therefore, is some evidence of his intent to remain away permanently. It will be recalled, however, that this conviction took place during the period of unauthorized absence to which the accused pleaded guilty. The intent to remain away permanently required in desertion must exist at or after the inception of the absence charged as desertion. See Manual for Courts-Martial, United States, 1951, paragraph 164*a*(1). Implicit in the Government's argument is the theory

**137**

that such pre-existing intent may be relevant and material as proof of accused's subsequent intent, which is an element of the desertion offense. Assuming, without deciding, that evidence of the civilian conviction for vagrancy would be admissible for that purpose, we find it is nevertheless inadmissible in the hearsay form utilized herein.

The Government would have us find the entry to come within the official record exception to the hearsay rule. They contend it is part of the "circumstances of return" entry which the Navy requires in its service records. Although this Court has declined to limit the "circumstances of return" entry to a simple statement of apprehension or surrender, see United States v Coates, 2 USCMA 625, 10 CMR 123, we are not disposed to allow recitations of events occurring during an absence to be admitted in violation of the rules of evidence under the guise of official entries. A statement of conviction by civil authorities during the unauthorized absence forms no part of the "circumstances of return." The portion of the entry dealing with the vagrancy conviction is nothing more than hearsay. The official who was to record the "circumstances of return" had no specific duty to ascertain what the accused did during his absence or what happened to him during that period. He had no duty to know or ascertain the truth of such conviction or to record it. That portion of the entry, not falling within the official record exception to the hearsay rule, is inadmissible. See United States v McNamara, 7 USCMA 575, 23 CMR 39.

We hold, therefore, that the law officer was in error in admitting, over objection, the portion of the service record entry showing a conviction by civil authorities for vagrancy. That the accused was prejudiced thereby is evident.

The findings of guilty of Charge I and Charge II and their specifications, to which the accused pleaded guilty, are affirmed. The findings of guilty of Charge III and its specification and the sentence are disapproved. The record of trial is returned to The Judge Advocate General of the Navy for reference to a board of review which may order a

**138**

rehearing as to Charge III and the sentence or approve the lesser offense of absence without leave and reassess the sentence on the basis of the remaining approved findings of guilty.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

I do not concur outright for some of the statements in the Court's opinion are too broad in their coverage. Here the Government seeks to sustain the admissibility of the service record entry by a two-pronged argument. First, it asserts that the exhibit was admissible because it contained information required by Naval regulations. Second, it argues that, having established the admissibility of the document, the questioned information was material as it tended to cast light on accused's intent not to return. Conceding arguendo that the latter proposition is tenable, the former is faulty. No doubt some of the information contained in the exhibit was within the purview of Naval regulations but my attention has not been directed to any regulation which requires an entry showing the nature of the offense or the fine. Certainly they are not necessary items which cast light on the circumstances of return. A service record entry made pursuant to directions of the Department of the Navy is admissible under the official document rule but that does not render competent other recorded matters which are not required by regulation. Regardless of the nature of the document, the competency of its entries is determined by the duty to record and if there is no duty the information recorded is incompetent to establish its truthfulness. Thus, certain entries may be admissible while others in the same document are inadmissible. In this instance, the competent evidence was clearly divisible from that which was incompetent, and when defense counsel specifically objected to the recitation of facts which fell in the latter category, his objection should have been sustained and the inadmissible comments deleted.