ORAN K. HENDERSON, Colonel,
U. S. Army, Petitioner

v

Honorable STANLEY R. RESOR,
Secretary of the Army,
Respondent

20 USCMA 165, 43 CMR 5

*Lieutenant Colonel Frank J. Dorsey* and *Captain Brian B. McMenamin,* counsel for Petitioner.

## Memorandum Opinion of the Court

In this Petition for Writ of Mandamus, petitioner declares:

On March 12, 1970, charges were preferred against him alleging, inter alia, dereliction of duty and failure to obey a lawful general regulation, by failing to conduct a proper and thorough investigation into and to report concerning certain incidents of March 16, 1968, which occurred at My Lai (4), Republic of Vietnam. These charges were forwarded to the Commanding General, First United States Army, at the direction of the respondent, Secretary of the Army. Investigation pursuant to Article 32, Uniform Code of Military Justice, 10 USC § 832, has been directed and is presently in progress.

These charges, it is averred, stem from the report of an investigation by a committee, headed by Lieutenant General William Peers, appointed by respondent and the Army Chief of Staff. Petitioner has requested access to this document since March 18, 1970, but his efforts have been rebuffed on the grounds of relevancy and materiality.

Petitioner believes that three chapters of Volume I of the Peers Report have a direct bearing upon the pending charges. Chapter 10, entitled "Reports, Investigations and Reviews," and Chapter 11, entitled "Possible Suppression of Information," when read with the final chapter, entitled "Findings and Recommendations," contains specific findings relating to allegedly criminal conduct on the part of petitioner, and specify willful or negligent acts of commission or omission which General Peers found to have constituted the dereliction alleged. He further believes subsequently discovered evidence will reveal that the decision to charge petitioner proceeded in substantial part from grave misconceptions concerning his conduct. Unless the convening authority can be made aware of this his decision with respect to referring the charges to trial will be uninformed. United States v Foti, 12 USCMA 303, 30 CMR 303 (1961).

It is at once apparent that petitioner is not requesting access to evidence which may be admissible at a trial by general court-martial. Rather, the petition itself describes the requested portions of the Peers Report as "specific findings relating to allegedly criminal conduct" constituting the dereliction alleged. The fact that these conclusions are set out in an apparently official document does not raise them to the level of admissible evidence. United States v Hall, 10 USCMA 136, 27 CMR 210 (1959); United States v Schaible, 11 USCMA 107, 28 CMR 331 (1960); United States v LaRue, 11 USCMA 470, 29 CMR 286 (1960). What effect, if any, the evidence petitioner believes will subsequently be developed may have upon the convening authority's decision must, of necessity, await the production of that evidence. At this point in the proceedings, the request for the production of the pertinent portions of the Peers Report is premature.

Since the petition fails to set forth a basis for the relief requested, the petition is denied.

Judge DARDEN would dismiss the petition.