UNITED STATES, Appellee,

v.

Private First Class Eugene IVERY, Jr.,
SSN 250–92–0359, United States
Army, Appellant.

CM 435979.

U. S. Army Court of Military Review.

23 March 1978.

Captain Richard A. Pearson, JAGC, argued the cause for appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain John E. Caulking, JAGC.

Captain Landon P. Snell, III, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Laurence M. Huffman, JAGC.

Before CLAUSE, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant alleges several errors which affected the general court-martial that convicted him on 25 January 1977 of larceny and housebreaking charged as violations of Articles 121 and 130, respectively, of the Uniform Code of Military Justice (10 U.S.C. §§ 921 and 930). Only appellant's contention, renewed on appeal, that the court-martial lacked jurisdiction over him because of alleged recruiter misconduct which tainted both appellant's original and subsequent enlistments warrants discussion. This allegation of error may be better understood after a brief recitation of the factual background relevant to it.

Appellant initially enlisted in the Army on 12 May 1972 in Brooklyn, New York. At that time he was in the midst of a two year period of probation imposed by a South Carolina court which had convicted appellant of larceny and housebreaking. Thus, it appears that appellant's enlistment was contrary to the provisions of the pertinent Army Regulation.* There is also evidence in the record of trial that the recruiter

* Lines T and U of Table 2–7, Army Regulation 601–210, Personnel Procurement, Regular Army Enlistment Program (May 1968) (Change 8, 24 June 1971).

involved, having been informed by appellant of his criminal record and probation status, engaged in willful misconduct by knowingly effecting the enlistment of a disqualified applicant.

Appellant accomplished his second enlistment on 15 October 1974 at Fort Jackson, South Carolina, by misrepresenting his record regarding civilian convictions. There is no evidence that the recruiter involved in this instance knew or should have known of appellant's criminal record. Appellant testified that he did not disclose his record because he had been told at the time of his original enlistment that if he heard nothing (about his criminal record) within six months after his enlistment, the matter was supposedly resolved. The offenses for which appellant was tried and convicted in this case occurred almost two years after his second enlistment.

■ We will assume in deciding this case that appellant's initial enlistment was invalid because of the willful misconduct of an agent of the Government in knowingly enlisting a disqualified applicant. *United States v. Barrett*, 1 M.J. 74 (C.M.A.1975); *United States v. Russo*, 1 M.J. 134 (C.M.A. 1975); *accord United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974). Nevertheless, we conclude that the initial recruiter's improper actions did not preclude a subsequent valid enlistment contract on 15 October 1974.

Chief Judge Fletcher, writing for a unanimous court, in *Russo, supra*, 1 M.J. at 135, 136, explained that:

"The various enlistment disqualifications evidence not only a desire to assure an effective fighting force for the country but also a commendable attempt to minimize future administrative and disciplinary difficulties with recruits by qualitatively reducing the class of eligible enlistees. The latter objective is not solely for the benefit of the armed services. It also is a means of protecting applicants who do not meet specified mental, physical, and moral standards for enlistment by barring their access to an environment in which they may be incapable of functioning effectively. . . . " (citation omitted).

■ Appellant, by his service from 12 May 1972 through 14 October 1974, for which he received an honorable discharge, proved himself fully capable of functioning effectively in the military environment. The policy considerations that apparently underlie the decisions in *Barrett, Russo, Brown*, and *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974), are obviously not applicable when an individual proves both his competency and desire for a military career by successive enlistments. Carried to its extreme an individual could complete 30 years of honorable service only to discover that because of his initial actions, plus those of his recruiter, his successive enlistments are void. We do not believe that this was ever contemplated or that such a result is desirable for either the Army or the individual.

We consider that the court-martial which tried appellant had *in personam* jurisdiction over him.

The findings of guilty and the sentence are affirmed.

Senior Judge CLAUSE and Judge FELDER concur.