**UNITED STATES**

v.

**Richard D. SHEWMAKE, 441 62 2005, Aviation Structural Mechanic Airman Apprentice (E-2), U. S. Navy.**

**NCM 78 1425.**

U.S. Navy Court of Military Review.

Sentence Adjudged 25 May 1978.

Decided 14 Dec. 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

MICHEL, Judge:

In accordance with his pleas, appellant was convicted at a special court-martial of one period of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and multiplicious violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, for the possession, transfer and sale of cocaine in violation of Article 1151, U.S. Navy Regulations, 1973. He was sentenced by the military judge to reduction to pay grade E–1, confinement at hard labor for 6 months, forfeiture of $265 pay per month for 6 months, and a bad-conduct discharge. The convening authority, in conformity with the terms of a pretrial agreement, approved only so much of the sentence as provided for reduction to pay grade E–1, confinement at hard labor for 45 days, forfeiture of $265 pay per month for 2 months, and a bad-conduct discharge. The convening authority also erroneously purported to execute the sentence. See paragraphs 98 and 88d, Manual for Courts-Martial, United States, 1969 (Revised edition). The supervisory authority incorrectly approved that action.

During the presentencing portion of trial, appellant presented to the court an unsworn statement in which he depicted himself, with regard to the Article 92 violations, as a mere middleman, who did not negotiate the transaction, but only delivered the proscribed goods. Appellant related his reflection, while in pretrial confinement, on the charges against him and the trouble he had been to the Navy. Appellant concluded by stating he had learned a lesson and was sorry for his transgressions.

Subsequently, the Government was allowed to introduce, under the guise of rebuttal and over defense objection, the testimony of AD1 B, USN, who was then currently attached to appellant's squadron. Petty Officer B, after answering threshold questions, the answers to which minimally provided a foundation for his later responses, see United States v. Griggs, 13 U.S.C. M.A. 57, 32 C.M.R. 57 (1962), indicated that he had knowledge of appellant's reputation in the command for truthfulness and that appellant was a liar. Obviously, the prosecutor sought to impeach appellant's credibility.

Under other circumstances this might have been a proper enterprise. See paragraphs 153 and 138f, Manual for Courts-Martial, United States, 1969 (Revised edition). However, in the case at bar the prosecutorial impeachment effort was launched after appellant delivered his unsworn statement before the sentencing entity. At this juncture, the prosecution was only permitted to rebut statements of fact contained in that presentation. Paragraph 75c(2), Manual for Courts-Martial, United States, 1969 (Revised edition). See United States v. McCurry, 5 M.J. 502 (AFCMR 1978); see also United States v. Stroud, 44 C.M.R. 480 (ACMR 1971). In permitting this prosecution evidence to enter the sentencing equation, the military judge failed to prevent an error prejudicial to the substantial rights of appellant. Article 59, Uniform Code of Military Justice, 10 U.S.C. § 859; United States v. Williams, 20 U.S.C. M.A. 47, 42 C.M.R. 239 (1970); cf. United States v. Britt, 10 U.S.C.M.A. 557, 28 C.M.R. 123 (1959); cf. United States v. Shipman, 9 U.S.C.M.A. 665, 26 C.M.R. 445 (1958).

Accordingly, the findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered.

Senior Judge BAUM concurs.

GRANGER, Judge (concurring/dissenting):

The substantive law enunciated in the principal opinion follows United States v. McCurry, 5 M.J. 502 (AFCMR 1978) and United States v. Stroud, 44 C.M.R. 480 (ACMR 1971), and I concur in that part of the opinion. The Air Force and Army

courts remedied the error by reassessing the sentence, thereby preserving the time of the appellants, military lawyers, trial judges, legal services personnel and reviewing authorities, as well as Government funds. The case at bar lends itself to such judicial economy, yet my colleagues return it for a rehearing on sentence. I would not punish the command for the military judge's error. I would reassess the sentence.