## UNITED STATES

### v.

**Lawrence G. WILLIAMS, Jr., 239 88 7651 Aviation Storekeeper Airman (E–3), U.S. Navy.**

**NMCM 86 2482.**

U.S. Navy-Marine Corps Court of Military Review.

Decided 16 Sept. 1986.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT DANIEL D. DOWNING, JAGC, USNR, Appellate Defense Counsel.

LT THOMAS J. SEATON, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, C.J., and
MITCHELL and GRANT, JJ.

MITCHELL, Judge:

Pursuant to his pleas, appellant was convicted by a bench special court-martial of one count of possession of drug abuse paraphernalia in violation of a general order and one count each of use and possession of marijuana. He was sentenced to a bad-conduct discharge and a reduction to E–1. Appellant complains that the military judge erred by permitting the trial counsel to impeach him, following his unsworn statement in the sentencing phase of trial, by way of a prior inconsistent statement. We agree with the appellant, but finding no prejudice we affirm.

In his unsworn statement, appellant said that he had never smoked marijuana on base, that a friend left the contraband in appellant's bag the previous night, that appellant found the material while looking for his lighter, and that after notifying his friend that he had found the marijuana and would return it, he left the marijuana on his desk, where it was found, and left his room. He admitted that he should have turned the contraband over to authorities and was repentant. He made no reference to his character for truth and veracity. The gist of his statement was that appellant was not involved in the possession offense in a sinister way and that he was, at the time of trial, contrite and repentant. Over defense objection, the appellant's pretrial statement of denial of any knowledge of the contraband was considered by the military judge for the limited purpose of assessing the appellant's truth and veracity, as offered by the trial counsel. We need not so limit our consideration of this evidence, for if it was properly admissible on any ground there is no error.

Rule 1001, Rules for Courts-Martial (R.C.M.), Manual for Courts-Martial, United States, 1984, sets up a scheme for court-martial sentence procedure. Basically the trial counsel produces matters bearing upon the conduct and performance of the appellant and other matters which explain or aggravate the offense or offenses involved. Then the appellant may present either matter rebutting or explaining the Government's material, extenuating matter, mitigating matter or matter which fulfills all of these purposes. R.C.M. 1001(c). Then the trial counsel may offer matter to rebut the matters presented by an accused. An accused is given the right to determine the extent to which he will expose his credibility to attack *inter alia,* for he may testify under oath and be subject to cross-examination and impeachment just as any other witness. R.C.M. 1001(c)(2)(B). An accused may also offer an unsworn statement upon which he cannot be cross-examined but any statements of fact in it may be rebutted by the trial counsel. R.C.M. 1001(c)(2)(C). There is no provision dealing with whether traditional impeachment evidence regarding the appellant's character for truth and veracity can be received.

■ The Government argues that the pretrial general denial statement of the appellant rebuts the appellant's unsworn statement that he knew he had the marijuana in his barracks. Rebuttal evidence is evidence which explains, repeals, counteracts or disproves a fact presented by the other party. *United States v. Shaw,* 9 U.S.C.M.A. 267, 26 C.M.R. 47 (1958). It is manifest that such evidence is offered for the truth of the matter asserted. If the purpose is otherwise, it is not properly rebuttal evidence. The appellant's pretrial statement does not rebut his claim to be a repentant sinner because his unsworn statement is a manifestation of his state of mind *at the time of trial* not at the time of the pretrial statement. Nor can the pretrial statement fairly be considered to rebut appellant's in-court admission that he knew the marijuana was in his possession because the practical effect of such evidence would be to improvidence the accused's pleas. Furthermore, trial counsel and military judge denied such a purpose. Nor did the pretrial statement rebut any claim by the appellant that the content of his pretrial statement coincided with his trial unsworn statement because the appel-

lant made no such claim at trial. The only legitimate purpose for the challenged evidence in these circumstances was either to attack the accused's truth and veracity via the inconsistent statement and, perhaps, to use that ground as a technical ploy to get uncharged misconduct (false swearing) before that court. The pretrial statement was not admissible as rebuttal evidence.

Opinion and reputation evidence attacking an accused's credibility following an unsworn statement in which no claim of truth and veracity is asserted has been held in three of the service courts of military review to be impermissible. *United States v. Harris*, 13 M.J. 653 (NMCMR1982); *United States v. Shewmake*, 6 M.J. 710 (NCMR1978); *United States v. McCurry*, 5 M.J. 502 (AFCMR1978), *pet. denied* 5 M.J. 315 (C.M.A.1978); *United States v. Stroud*, 44 C.M.R. 480 (ACMR1971). The rationale of these cases is predicated upon the plain language of R.C.M. 1001(c)(2)(C) and its predecessor Manual for Courts-Martial provisions and the procedural structure set forth. The military services were sensitive to allocution rights long before *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). *W. Winthrop Military Law and Precedents* 299 (2nd ed. 1930); *Naval Courts and Boards* section 359 (1937); *Manual for Courts-Martial of the United States Coast Guard*, paragraph 127 (1949). *See United States v. Harris, supra* at 655 (Byrne, J., concurring in the result), for a concise treatment of the historical background of the allocution right and the unsworn presentence statement. This sensitivity has not been in ignorance of the danger that a court-martial might be led astray by an untruthful accused. *Id.* Manifestly, the scheme which has now emerged is an accused may offer anything in a statement of lesser quality than testimony and be immune from cross-examination and his credibility cannot be attacked (impeachment being the cross-examiner's weapon). The only mechanism which protects the court-martial from the lying accused is the prosecutor's power to rebut the facts recited by the accused. R.C.M. 1001(c)(2)(C). The practical effect of such

rebuttal is to also expose his lack of candor. Restricting the attack mechanism to factual rebuttal is a recognition of the lesser quality of the accused's offering and strikes an appropriate balance between the encouragement of allocution and protection for the court-martial. It is of no moment that in the abstract the presentence report and procedure set forth in Rule 32 of the Federal Rules of Criminal Procedure may afford more information concerning the truthfulness of an accused to the trial judge than R.C.M. 1001(c), for the procedural structures of the two court systems are substantially different, preventing ready inclusion of the federal rule into R.C.M. 1001, even if we were inclined to disregard the plain language of R.C.M. 1001. *See United States v. Lilly*, 22 M.J. 620, 623 (NMCMR1986).

We hold that where an accused offers an unsworn statement which does not incorporate his character for truth and veracity, the accused can only be attacked by rebutting the facts set forth in the unsworn statement and is not subject to the classic impeachment methods applicable to the testifying witness. *Cf. United States v. Harris, supra; United States v. Shewmake, supra; United States v. McCurry, supra; United States v. Stroud, supra*. Since use of the appellant's pretrial statement was improper impeachment and did not constitute rebuttal evidence, it was inadmissible. The military judge erred in admitting it. In assessing for prejudice we note that the military judge limited his consideration of the improper evidence to the appellant's credibility. The adjudged sentence, considering a prior nonjudicial punishment for use of marijuana, was light, notwithstanding some outstanding military character evidence, including prior honorable discharges, Vietnam service, Bronze Star, Purple Heart and sporadic involvement with marijuana. The trial counsel did not allude to the evidence in argument. We find that the improper evidence had no significant impact on the adjudged sentence. The appellant was not prejudiced by the error. Consequently, the

findings and sentence as approved on review below are affirmed.

Chief Judge GORMLEY concurs.

Judge GRANT absent.