UNITED STATES, Appellee,

v.

Private E1 Howard R. THOMAS III, 214–11–8487, United States Army, Appellant.

ACMR 9200524.

U.S. Army Court of Military Review.

18 Dec. 1992.

For Appellant: Major Robin L. Hall, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before CREAN, GONZALES, and DELL'ORTO, Appellate Military Judges.

## OPINION OF THE COURT

DELL'ORTO, Judge:

The appellant, pursuant to his pleas, was found guilty, by a military judge sitting as a general court-martial, of failure to go to his appointed place of duty (four specifications), absence without leave, making a false official statement, aggravated assault, dishonorably failing to pay a just debt, making and uttering worthless checks, and breaking restriction, in violation of Articles 86, 107, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 928, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and to pay a fine to the United States in the amount of $2,000.00 with provision for one additional year's confinement in the event the fine was not paid. The convening authority disapproved the fine, but otherwise approved the adjudged sentence.

The appellant raises three issues before this Court. The second and third, which address the appointment and tenure of military judges, we reject without discussion. In his first assertion of error, the appellant contends that the military judge erred by permitting the trial counsel, over defense objection, to present testimony concerning the appellant's character for truthfulness in response to the appellant's unsworn statement during presentencing. For the reasons set out below, we agree.

During presentencing, the trial counsel called as witnesses in aggravation the appellant's first sergeant, company commander, and the German taxicab operator who was the victim of the appellant's offense of aggravated assault. The only matter the defense presented was the appellant's unsworn oral statement. The appellant addressed a number of areas; among them, his upbringing, his pregnant (with his child) ex-girlfriend, his reasons for enlisting in the Army, the extenuating circumstances of his offenses, his apologies to the Army and to the taxicab driver, and his desire to return to college.

■ The trial counsel then recalled the appellant's first sergeant to "rebut[ ] the veracity of the accused." The trial defense counsel timely objected and pointed out that the appellant had made an unsworn statement that basically had little or no factual content and generally focused on the appellant's feelings about his offenses and his goals. The trial counsel responded, "Well, Your Honor, whether the accused is truly sorry for what he did is always a question of credibility and his veracity is always at issue." The military judge overruled the objection and the first sergeant testified that, in his opinion, the appellant was not a truthful person.[1]

---

1. The military judge may have had second thoughts about the propriety of his earlier ruling. Upon conclusion of the first sergeant's testimony, the trial defense counsel renewed his objection, to which the military judge responded:

■ An accused's right to present an unsworn statement to a court-martial has been long recognized in military jurisprudence. William Winthrop, *Military Law and Precedents* 299 (2d ed. 1920). Just as axiomatic is the principle that such a statement is not evidence. *Id.* at 300; *United States v. Breese*, 11 M.J. 17, 24 (C.M.A. 1981). Rule for Courts–Martial 1001(c)(2)[2] codifies the accused's right to present an unsworn statement during the presentencing portion of a court-martial. This provision has been adopted virtually verbatim from its predecessor, paragraph 75c(2), Manual for Courts–Martial, United States, 1969 (Rev. ed.). MCM, 1984, R.C.M. 1001 analysis at A21–63.

Government appellate counsel argues that this issue is one of first impression. While this statement may be technically correct insofar as it pertains to R.C.M. 1001, the law as it related to paragraph 75c(2) of the 1969 Manual was well settled and held that an accused's unsworn statement did not put his character for truthfulness at issue. *United States v. Stroud*, 44 C.M.R. 480, 484 (A.C.M.R.1971); *United States v. Harris*, 13 M.J. 653 (N.M.C.M.R. 1982); *United States v. Shewmake*, 6 M.J. 710 (N.C.M.R.1978); *United States v. McCurry*, 5 M.J. 502 (A.F.C.M.R.1978).

■ We find no indication that the President intended that the substance of the Rule articulated in paragraph 75c(2) of the 1969 Manual be changed by R.C.M. 1001 of the 1984 Manual.[3] Accordingly, consistent with the earlier precedent of this Court and our sister service Courts of Military Review, an accused who makes an unsworn statement in which he makes no claim of truth or veracity during the presentencing portion of his court-martial does not put his character for truthfulness at issue. In the case *sub judice*, the military judge erred by permitting the trial counsel to introduce opinion evidence that the appellant was an untruthful person.

■ We may test this error for prejudice. *Stroud*, 44 C.M.R. at 484. We find that the appellant was not prejudiced by the improper testimony. The appellant's provident guilty plea to making a false official statement and the proper admission of a Record of Proceedings under Article 15, UCMJ, for a similar offense cast doubt on the appellant's credibility. The first sergeant's improper testimony did no further damage, particularly since he was the person to whom the charged false official statement was made.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge GONZALES concur.

---

There were a couple of statements of fact in the unsworn statement going to the pregnancy, intent to get married, and so forth, and his college—attendance in college. So there were some limited, although limited statements which may be considered to be factual statements concerning his personal history and so forth. So for that limited purpose, whatever weight it does have, your objection's overruled.

Certainly, the trial counsel was free to introduce evidence to rebut any statements of fact contained in the appellant's unsworn statement. R.C.M. 1001(c)(2)(C). He presented none.

**2.** Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(c)(2) [hereinafter MCM, 1984 and R.C.M.].

**3.** We are mindful of the practical difficulties that a trial counsel might have in attempting to counter what may, for the government, be unpredictable claims made in an unsworn statement. The procedure is vulnerable to abuse. *See Harris*, 13 M.J. at 657 (Byrne, J. concurring in the result). Any circumscription of this time-honored right, however, is left to those in whom responsibility for the regulation of the armed forces reposes. UCMJ art. 36, 10 U.S.C. § 836.